**Abelardo RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00457–CR.**

Court of Appeals of Texas, San Antonio.

Aug. 31, 1987.

Rehearing Denied Sept. 28, 1987.

Dwain Downing, Moore & Associates, Del Rio, for appellant.

Carmen Rivera Worley, Del Rio, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

CANTU, Justice.

Abelardo Rodriguez appeals his jury conviction of evading arrest. *See* TEX.PENAL CODE ANN. § 38.04 (Vernon 1974).

Punishment was assessed by the same jury at confinement for a period of six months. A fine of $750.00 was also assessed. The punishment was probated.

In his brief appellant challenges the sufficiency of the evidence to support his conviction. However, during oral argument appellant raised, for the first time as fundamental error, the sufficiency of the information to allege the offense of evading arrest. Because we agree that the information is subject to the criticism lodged against it we reverse and order the information dismissed.

Section 38.04 entitled Evading Arrest provides in pertinent part:

(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him.

In *Jackson v. State,* 718 S.W.2d 724 (Tex. Crim.App.1986) (en banc) the Court of Criminal Appeals held that the defendant's knowledge that a police officer is trying to arrest him is an essential element of the offense of evading arrest under the statute.

Thus, an information that fails to allege that the defendant knows the peace officer is attempting to arrest him is missing an essential element which renders the information fundamentally defective.

The instant information alleged in pertinent part:

Abelardo Rodriguez ... did ... intentionally and knowingly flee from Ptlmn. Valerie L. McFarlen, DRPD, the arresting officer, while Ptlmn. Valerie L. McFarlen was lawfully attempting to arrest the said defendant, and that the defendant knew Ptlmn. Valerie L. McFarlen to be a peace officer.

As in *Jackson v. State, supra,* the instant information fails to allege the requisite knowledge on the part of the defendant, that is, that he is aware that the arresting officer is attempting to arrest him at the time he flees.

Unlike *Jackson,* the instant information alleged two culpable mental states, that is, "intentionally and knowingly." Still both culpable states necessarily modify the verb flee and thus can confer no support for the State's position. We hold that the information is fundamentally defective.

Nevertheless, we must still examine and decide the contention that the evidence is insufficient as a matter of law to support the judgment although predicated upon a faulty charging instrument. *See Foster v. State,* 635 S.W.2d 710 (Tex.Crim.App.1982).

Appellant's challenge focuses upon his motions for directed verdict made after the State rested and at the close of the guilt/innocence phase. At that time, as now, his sole complaint is that there was no arrest or attempt to arrest by the peace officer.[1]

In addressing appellant's limited challenge we view the evidence in the light most favorable to the jury verdict to see if a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984) (en banc).

During the early morning hours of January 28, 1986, Valerie McFarlen, a patrol officer for the Del Rio Police Department, observed a green Chevrolet automobile traveling at what she believed was a very high rate of speed in the direction of the international border. McFarlen flipped on her overhead red lights and gave pursuit. The speeding Chevrolet was followed to a residence a short distance away from where it was originally spotted traveling at a high rate of speed.

---

1. Appellant's motion for directed verdict as well as his brief perfunctorily mentions insufficiency of the evidence to show that appellant was aware of McFarlen's efforts to arrest him. No serious effort is made to argue this contention. Nevertheless we would overrule it because we are convinced that the record is replete with circumstantial evidence that appellant knew McFarlen was attempting an arrest.

When McFarlen pulled up behind it, two suspects were still in the vehicle. As McFarlen called in the vehicle's license number to the dispatcher, the two suspects exited the vehicle and began to walk towards the residence.

Appellant was identified as the driver of the vehicle while the passenger was identified as Angel Gomez. McFarlen yelled at the two suspects twice to stop and return to the vehicle. Both continued walking towards the residence until they were inside the residence' fenced yard. Appellant then turned around and in response to McFarlen's command to return to his vehicle, replied, "You can't get us. We're on our own property." "You can't do anything to us."

McFarlen replied that she needed to see some identification and proof of insurance. Gomez walked into the house while appellant turned to argue. While irate and yelling, appellant pushed McFarlen away as McFarlen reached over to grab him to make him return to his vehicle. There followed a scuffle that subsequently turned into a wrestling match. When appellant reached to remove McFarlen's pistol from her holster, McFarlen struck appellant on the head with her flashlight causing appellant to fall to the ground breaking his ankle.

According to McFarlen, she intended to identify appellant first before deciding whether to issue him a speeding citation. Appellant's resistance to McFarlen's attempt to identify him prevented the issuance of a speeding citation.

It was later determined that appellant neither possessed a driver's license nor proof of insurance. McFarlen testified she could have issued citations for these offenses as well.

It was not until the incident escalated into a melee that the decision was made to charge appellant with "resisting arrest." *See* TEX.PENAL CODE ANN. § 38.03.[2]

2. The decision to file under Evading Arrest, TEX.PENAL CODE ANN. § 38.04 was made at a

Appellant points to statements of McFarlen taken out of context in an effort to demonstrate that McFarlen never intended to arrest appellant until after the scuffle. However, when McFarlen's testimony is viewed in its entirety it is clear that McFarlen simply intended to effectuate an identification of appellant preliminary to issuing a citation unless appellant was able to offer some mitigating reason for his speeding. The decision to issue a speeding citation was made long before the scuffle occurred and only frustration of preliminary procedures by appellant prevented the arresting process. We think the evidence clearly supports proof of an attempted arrest.

Moreover, we do not think that the State was limited to proof of attempted arrest for speeding. Clearly appellant could have been arrested for failing to identify himself upon proper request following a lawful stop. *See* TEX.PENAL CODE § 38.02. Fleeing from McFarlen while McFarlen was attempting to effectuate a § 38.02 inquiry triggers a § 38.04 violation. We overrule appellant's contention that the evidence is insufficient to show that an attempted arrest occurred.

The judgment is reversed and the information is ordered dismissed.

later date by the County Attorney's Office.