**Abelardo RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1114–87.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 21, 1990.

Dwain Downing, Del Rio, for appellant.

Enrique Fernandez, County Atty., and Carmen Rivera–Worley, Asst. County Atty., Del Rio, Robert Huttash, State's Atty., and Carl E.F. Dally, Sp. State's Atty., Austin, for the State.

Before the court en banc.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of the misdemeanor offense of evading arrest. V.T.C.A. Penal Code § 38.04. The jury also assessed punishment at six months imprisonment and a $750 fine, both of which were probated. On direct appeal, the court of appeals reversed appellant's conviction and ordered the information to be dismissed.[1] *Rodriguez v. State*, 737 S.W.2d 120 (Tex.App.—San Antonio 1987). We granted the State Prosecuting Attorney's petition for discretionary review which presented two interrelated grounds for review, to wit: whether the court of appeals erred in reversing the conviction for a defective information when appellant

---

**1.** The court of appeals also held, however, the evidence was sufficient to support the convic-

tion. *Rodriguez,* 737 S.W.2d at 122.

failed to object to the defect prior to trial, and whether the court of appeals erred in following *Jackson v. State*, 718 S.W.2d 724 (Tex.Cr.App.1986), thereby failing to recognize that the amendments to Art. V, § 12, of the Texas Constitution, and Art. 1.14, V.A.C.C.P., require an affirmance of the conviction.

In the court of appeals, appellant challenged the sufficiency of the evidence to support his conviction, and during oral argument he raised for the first time the sufficiency of the information to charge an offense. Specifically, appellant contended the information was fundamentally defective for failing to allege that he knew the peace officer was attempting to arrest him when he fled.[2] In resolving this issue, the court of appeals relied on *Jackson*, 718 S.W.2d 724, which held that the defendant's knowledge that a peace officer is attempting to arrest him is an essential element of the offense of evading arrest. *Id.* at 726. Since the information in the present cause failed to allege the requisite knowledge on the part of appellant, the court of appeals held the information was fundamentally defective and ordered it dismissed. *Rodriguez*, 737 S.W.2d at 121.

In its petition the State argues that pursuant to Art. 1.14(b), V.A.C.C.P.,[3] appellant waived any defect in the information by failing to object to it before trial, regardless of the fact that this defect is one of substance. The State also argues that *Jackson*, 718 S.W.2d 724, is not dispositive for two reasons, *viz:* there was a motion to quash filed alleging the information was fundamentally defective in *Jackson*, and in the present cause, the information was presented after the effective dates of the amendments to Art. V, § 12, and Art. 1.14.

In our recent opinion *Studer v. State*, 799 S.W.2d 263 (Tex.Cr.App. delivered this day), we addressed, *inter alia*, substance defects and their effects on charging instruments pursuant to the amendments to Art. V, § 12, and Art. 1.14. In *Studer*, an indecent exposure case, the appellant also raised for the first time on appeal the sufficiency of the charging instrument. The appellant contended the information upon which he was charged was fundamentally defective for failing to allege the acts relied upon to constitute recklessness in compliance with Art. 21.15, V.A.C.C.P. We held, after analyzing the amendments to Art. V, § 12, and Art. 1.14, that the definitions of indictment and information in Art. V, § 12, do not require that each constituent element of an offense be pled to have a valid charging instrument investing the trial court with jurisdiction. *Studer*, at 271. Consequently in *Studer*, although the information failed to allege the acts constituting recklessness, which we recognized was a substance defect, the appellant's failure to object to this defect pre-trial waived the error on appeal pursuant to Art. 1.14(b). See *Studer*, at 273.

The State admits in its first ground for review that the information in this cause suffers from a substance defect, and we agree with that assessment. As we noted in footnote 2, ante, section 38.04(a) of the penal code defines the offense of evading arrest as follows:

A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him.

The precise issue in *Jackson* was whether the State must plead in an evading arrest case that the accused had knowledge that the peace officer was attempting to arrest him. Recognizing that "[t]he gravamen of the offense is the evasion of an arrest not the evasion of a police officer", we concluded a defendant's knowledge that a police officer is trying to arrest him is an essen-

---

**2.** Evading arrest, Penal Code § 38.04, is defined as:

A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him.

**3.** Article 1.14(b) provides in pertinent part:

If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding ...

tial element of the offense of evading arrest. *Jackson*, 718 S.W.2d at 726, quoting *Jackson v. State*, 690 S.W.2d 686, 690 (Tex. App.—Houston [1st] 1985). Since this element was missing from the information, we held the information was fundamentally defective for failing to allege all of the elements of evading arrest. *Id.* at 726–727.

The information in this cause, attached at Appendix A, charged in relevant part appellant:

> on or about the 28th day of January, A.D. 1986, ... did then and there intentionally and knowingly flee from PTLMN. VALERIE L. McFARLEN, DRPD, the arresting officer, while PTLMN. VALERIE L. McFARLEN was lawfully attempting to arrest the said defendant, and that the defendant knew PTLMN. VALERIE L. McFARLEN to be a peace officer.

There is no allegation that appellant knew the complainant was "a peace officer *attempting to arrest him.*" See *Jackson*, 718 S.W.2d 724. Thus, the information failed to allege one element of the offense of evading arrest.

The failure of a charging instrument to allege an element of an offense is a substance defect. See *Studer*, at 267, and Art. 27.08(1), V.A.C.C.P. Clearly then, the information in this cause suffered from a defect of substance by failing to allege appellant knew the complainant was a peace officer who was attempting to arrest him. But the information in this cause was, "on its face," an information. *Studer*, at 273. Thus, the information was not "fundamentally defective", and it did invest the trial court with jurisdiction. We find, therefore, that appellant has waived this defect under Art. 1.14(b) because of his failure to object to this defect "before the date on which the trial on the merits commence[d]." *Id.* Consequently, we sustain the State's grounds for review.

The judgment of the court of appeals is accordingly reversed, and the trial court's judgment is affirmed.

TEAGUE, J., concurs in the result.

BERCHELMANN, J., not participating.

APPENDIX A

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

I, ~~ENRIQUE FERNANDEZ~~/CARMEN RIVERA–WORLEY, (Assistant) County Attorney of Val Verde County, in said State, on the written affidavit of VALERIE L. McFARLEN, a competent and credible person herewith filed in the County Court (At–Law), in the County of Val Verde and the State of Texas, do present unto said Court that on or about the 28TH day of JANUARY, A.D. 1986, and before the making and filing of this information, in the County of Val Verde and the State of Texas, one ABELARDO RODRIGUEZ, Defendant did then and there

> intentionally and knowingly flee from PTLMN. VALERIE L. McFARLEN, DRPD, the arresting officer, while PTLMN. VALERIE L. McFARLEN was lawfully attempting to arrest the said defendant, and that the defendant knew PTLMN. VALERIE L. McFARLEN to be a peace officer.

## AGAINST THE PEACE AND DIGNITY OF THE STATE

/s/ Carmen Rivera–Worley
(Assistant) COUNTY ATTORNEY
VAL VERDE COUNTY, TEXAS

CLINTON, Judge, dissenting.

In this cause the majority squarely holds that fewer than all the requisite elements of an offense need be alleged before it may be said an indictment "charg[es] ... an offense" under Article V, § 12(b) of the Texas Constitution. For reasons given in my concurring opinion in *Studer v. State*, 799 S.W.2d 263 (Tex.Cr.App. delivered this day), I dissent to the majority's disposition of this cause.

I notice that the jury charge in this cause requires the jury to find appellant knew the officer was attempting to arrest him. Appellant did not object to this charge. But suppose he had, on the basis that such a charge was not authorized by the State's pleading? Would we rule that he had forfeited his objection to the jury charge by

failing to object to the charging instrument before trial commenced? See *Studer v. State*, at 271–272, & n. 15 (Clinton, J., concurring). Would we entertain a claim of "egregious error" under *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985) (Opinion on State's motion for rehearing)? If the jury charge had not required the finding that appellant knew the officer was attempting to arrest him, could he have been convicted, consonant with due process and due course of law?

The majority leaves these and other questions for another day. In my view, however, they are inextricable from the question before us today. In attempting to pluck what it perceives to be the stray thread of fundamentally defective indictments from the criminal jurisprudence, the majority threatens to unravel the whole fabric of our criminal procedure. I dissent.