Nos. 04-99-00895-CR & 04-99-00896-CR


Keith L. DEMPS,


Appellant



v.



The STATE of Texas,


Appellee



From the 175th Judicial District Court, Bexar County, Texas


Trial Court Nos. 94-CR-1497 & 94-CR-1498


Honorable Pat Priest, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Alma L. López, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: March 14, 2001


AFFIRMED


 In these appeals, the appellant, Keith Demps, challenges his convictions for murder. Demps
pled "guilty" to committing the offenses of murder, pursuant to plea agreements in which the State
agreed to forty-year concurrent sentences and affirmative findings of deadly weapons. The trial judge
accepted Demps's pleas, adjudicated him guilty, and sentenced Demps in accordance with the plea
agreements.

 Subsequently, the court of criminal appeals granted Demps out-of-time appeals and the trial
court appointed an attorney to represent Demps on appeal. The attorney studied the records for these
causes and determined that no meritorious issues existed for appeal. The attorney then prepared
Anders briefs stating that she had reviewed the records and concluded that the records contained no
clear error. See Anders v. State, 386 U.S. 738 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978). Therein, the attorney discussed two issues-(1) whether the appellant entered his pleas
voluntarily, and (2) whether the indictments were flawed. The attorney opined that no evidence
indicated Demps did not enter his pleas voluntarily, and that the indictments charging him with
murder were not defective. Concluding that the appeals were frivolous and without merit, the
attorney stated that she had advised Demps of the results of her reviews, provided Demps with copies
of her briefs, advised Demps of his right to file pro se briefs, and asked to withdraw from
representation. See Bruns v. State, 924 S.W.2d 176, 177 n.1 (Tex. App.-San Antonio 1996, no pet.).

 In response, Demps filed pro se briefs. Therein, Demps questioned: (1) the adequacy of the
indictments, (2) the effectiveness of his trial attorney, and (3) the voluntariness of his pleas.
Ordinarily, a defendant who pleads guilty pursuant to a plea agreement waives his right to complain
about defects in an indictment. See Tex. R. App. Proc. 25.3(b)(3). But a court of appeals may
review a complaint about an indictment to the extent the complaint raises a jurisdictional issue. See
id. The presentation of an indictment invokes the district court's jurisdiction, Tex. Const. art. 5, §
12, but even a substantively defective indictment is sufficient to vest the court with jurisdiction,
Rodriguez v. State, 799 S.W.2d 301, 303 (Tex. Crim. App. 1990). We will consider whether the
indictments properly invoked the jurisdiction of the trial court.

 Demps complains that the indictments do not reflect that his actual intent was to burglarize
the complainants' home rather than to murder the complainants. The stipulated evidence, however,
indicates that Demps was indicted as a party to the murders of the complainants. The indictments
for those murders tracked the statutory language for murder. See Tex. Pen. Code Ann. § 19.02
(Vernon 1994). Generally, an indictment that tracks the statutory language for an offense is
sufficient. See Olurebi v. State, 870 S.W.2d 58, 62 (Tex. Crim. App. 1994). As a result, the
indictments properly alleged that Demps intentionally and knowingly caused the deaths of the
complainants, see Tex. Pen. Code Ann. § 19.02 (Vernon 1994), and invoked the jurisdiction of the
district court. Thus, Demps's complaints do not raise jurisdictional issues.

 Like a complaint about an indictment, a defendant who pleads guilty pursuant to a plea
agreement waives his right to complain about ineffective assistance of counsel. See Tex. R. App.
Proc. 25.3(b)(3). But a court of appeals may review a complaint of ineffective assistance of counsel
to the extent that an attorney's performance may have caused an involuntary plea. See McMann v.
Richardson, 397 U.S. 759, 771-72 (1970); Flowers v. State, 935 S.W.2d 131, 134-34 (Tex. Crim.
App. 1996). Demps asserts that his pleas were involuntary because his parents persuaded him to
accept the State's plea offers instead of risking life sentences. Demps complains that his attorney
advised him to accept the State's plea offers in lieu of risking life sentences. No evidence in the
record, however, indicates that Demps's pleas were involuntary. Instead, the records reflect that the
trial judge properly admonished Demps about his constitutional rights and the consequences of his
pleas. Moreover, Demps acknowledged that he was entering his pleas freely and voluntarily.
Considering the advice of one's parents or an attorney does not render a plea involuntary. No
evidence in the record indicates ineffectiveness of counsel.

 After reviewing the records and the briefs, we agree with Demps's attorney that these appeals
are frivolous and without merit. We affirm the judgments of the trial court and grant the motions to
withdraw filed by Demps's attorney.


 Alma L. López, Justice

DO NOT PUBLISH