# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00729-CR

**Gary Lynn Johnston, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. B-01-0606-S, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

Appellant Gary Lynn Johnston was convicted of the offense of indecency with a child by contact. *See* Tex. Pen. Code Ann. ' 21.11(a)(1) (West Supp. 2002). Appellant=s punishment, assessed by the jury, enhanced by a prior felony conviction, is imprisonment for ten years. On appeal, in his sole point of error, appellant asserts that the trial court did not have jurisdiction of this case. The judgment will be affirmed.

It was alleged that appellant intentionally and knowingly engaged in sexual contact with the victim, a child younger than seventeen years of age, by intentionally and knowingly touching the genitals of the said victim, with the intent to arouse and gratify the sexual desire of the defendant. Specifically, appellant complains that Athe indictment was fundamentally defective by failing to allege an essential element of the offense of indecency with a child, thus depriving the trial court of jurisdiction and rendering appellant=s conviction void.@ The indictment failed to allege that the victim was not the appellant=s spouse, a necessary

element of the offense charged.[1]  However, appellant did not file and present a motion to quash the indictment until after the jury had been sworn and the indictment had been read to the jury.  By failing to timely complain about the deficiency of the indictment before the day on which the trial on the merits commenced, appellant waived and forfeited his right to object to the defect in the indictment.  *See* Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 2002).[2]

---

[1]  The evidence shows that the victim was not the spouse of appellant and the court=s charge required the jury to so find in order to convict appellant of the charged offense.  *See Fischer v. State*, 887 S.W.2d 49, 57-58 (Tex. Crim. App. 1994).

[2]  **Art. 114.  Waiver of rights**

    (a)  The defendant in a criminal prosecution for any offense may waive any rights secured him by law except that a defendant in a capital felony case may waive the right of trial by jury only in the manner permitted by Article 1.13(b) of this code.

(b) If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.  Nothing in this article prohibits a trial court from requiring that an objection to an indictment or information be made at an earlier time in compliance with Article 28.01 of this code.

Tex. Code Crim. Proc. Ann. art. 1.14 (West Supp. 2002).

Appellant contends that even though he may have forfeited his right to have the indictment quashed, because an essential element of the offense was omitted, the trial court was not vested with jurisdiction. An indictment that fails to allege an essential element of the offense is nevertheless an indictment vesting the trial court with jurisdiction. *See Studer v. State*, 799 S.W.2d 263, 271 (Tex. Crim. App. 1990); *Rodriguez v. State*, 799 S.W.2d 301, 303 (Tex. Crim. App. 1990); *see also Duron v. State*, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). Appellant=s point of error is overruled.

The judgment is affirmed.

Carl E. F. Dally, Justice

Before Justices Kidd, Puryear and Dally[*]

Affirmed

Filed: August 30, 2002

Do Not Publish

\*   Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).