TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00729-CR






Gary Lynn Johnston, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-01-0606-S, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING







 Appellant Gary Lynn Johnston was convicted of the offense of indecency with a child
by contact. See Tex. Pen. Code Ann. § 21.11(a)(1) (West Supp. 2002). Appellant's punishment,
assessed by the jury, enhanced by a prior felony conviction, is imprisonment for ten years. On
appeal, in his sole point of error, appellant asserts that the trial court did not have jurisdiction of this
case. The judgment will be affirmed.

 It was alleged that appellant intentionally and knowingly engaged in sexual contact
with the victim, a child younger than seventeen years of age, by intentionally and knowingly
touching the genitals of the said victim, with the intent to arouse and gratify the sexual desire of the
defendant. Specifically, appellant complains that "the indictment was fundamentally defective by
failing to allege an essential element of the offense of indecency with a child, thus depriving the trial
court of jurisdiction and rendering appellant's conviction void." The indictment failed to allege that
the victim was not the appellant's spouse, a necessary element of the offense charged. (1) However,
appellant did not file and present a motion to quash the indictment until after the jury had been sworn
and the indictment had been read to the jury. By failing to timely complain about the deficiency of
the indictment before the day on which the trial on the merits commenced, appellant waived and
forfeited his right to object to the defect in the indictment. See Tex. Code Crim. Proc. Ann. art.
1.14(b) (West Supp. 2002). (2)

 Appellant contends that even though he may have forfeited his right to have the
indictment quashed, because an essential element of the offense was omitted, the trial court was not
vested with jurisdiction. An indictment that fails to allege an essential element of the offense is
nevertheless an indictment vesting the trial court with jurisdiction. See Studer v. State, 799 S.W.2d
263, 271 (Tex. Crim. App. 1990); Rodriguez v. State, 799 S.W.2d 301, 303 (Tex. Crim. App. 1990);
see also Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). Appellant's point of error
is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Kidd, Puryear and Dally*

Affirmed

Filed: August 30, 2002

Do Not Publish











* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1.   The evidence shows that the victim was not the spouse of appellant and the court's charge
required the jury to so find in order to convict appellant of the charged offense. See Fischer v. State,
887 S.W.2d 49, 57-58 (Tex. Crim. App. 1994).
2.   Art. 114. Waiver of rights


(a) The defendant in a criminal prosecution for any offense may waive any
rights secured him by law except that a defendant in a capital felony case
may waive the right of trial by jury only in the manner permitted by Article
1.13(b) of this code.


(b) If the defendant does not object to a defect, error, or irregularity of form or
substance in an indictment or information before the date on which the trial
on the merits commences, he waives and forfeits the right to object to the
defect, error, or irregularity and he may not raise the objection on appeal or
in any other postconviction proceeding. Nothing in this article prohibits a
trial court from requiring that an objection to an indictment or information
be made at an earlier time in compliance with Article 28.01 of this code.


Tex. Code Crim. Proc. Ann. art. 1.14 (West Supp. 2002).