Peter Paul **HOBYL**, Appellant

v.

**The STATE of Texas.**

**No. PD–0004–05.**

Court of Criminal Appeals of Texas.

June 7, 2006.

James F. Keegan, Houston, for Appellant.

Dan P. Bradley, Asst. District Attorney, Anahuac, Matthew Paul, State's Attorney, Austin, for State.

*OPINION*

MEYERS, J., delivered the opinion for a unanimous Court.

A jury found Appellant, Peter Paul Hobyl, guilty of the state jail felony of evading arrest and detention while using a vehicle. It assessed his punishment at confinement for 270 days and a fine of $2000.[1] On appeal, one of Appellant's contentions was that the trial court erred in

---

1. Pursuant to TEX. PEN.CODE § 12.35(a), "an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days." Pursuant to § 12.35(b), "an individual adjudged guilty of a state jail felony may be punished by a fine not to exceed $10,000."

instructing the jury in the punishment charge that the trial court "could suspend the imposition of the sentence assessed by the jury and place appellant on community supervision." The First Court of Appeals held that the complained-of instructions were neither "unnecessary" nor "prejudicial," explaining that they contained a proper articulation of the law and did not violate Appellant's constitutional rights to due process and due course of law under the United States and Texas constitutions. *Hobyl v. State,* 152 S.W.3d 624, 629 (Tex. App.-Houston [1st Dist.] 2004, pet. granted).

When we granted Appellant's petition for discretionary review, jury-recommended community supervision was not available to a defendant convicted of a state jail felony under TEX.CODE CRIM. PROC. ANN. art. 42.12 § 4(d)(2) (Vernon Supp.2004–2005). In September 2005, the legislature amended the statute to permit jury-recommended community supervision for a defendant convicted of a state jail felony.[2] After further consideration of the petition for discretionary review, and because Appellant's issue is moot for the purposes of future jurisprudence, we have determined that Appellant's petition was improvidently granted. Therefore, Appellant's petition for discretionary review is dismissed.

---

**2.** Amendment to (d)(2) effective September 1, 2005 (HB 1759, § 1).