

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-12-00057-CR
_____

EUGENE COLE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2
Hunt County, Texas
Trial Court No. CR1101283

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Eugene Cole appeals his conviction for evading detention. After attempting to sell drugs to a woman in the parking lot of a Greenville grocery store, Cole walked away headed north on Wesley Street. The woman called the police and described Cole as a heavy set white male with blonde, buzz-cut hair, wearing a white "wife beater" shirt and red pants. Officer Jason Kilgore, a police officer with the Greenville Police Department, noticed Cole, who matched the description of the suspect, walking north on Wesley Street. Kilgore pulled into a parking lot in front of Cole and, when Cole was approximately ten feet from his car, said to Cole, "I needed to speak with you just for a minute." Cole looked at Kilgore, turned, and "jogged across Wesley Street away from [Kilgore]." Kilgore activated his overhead lights and pursued Cole. Kilgore located Cole a few minutes later "ducked down behind a truck" in the parking lot of a nearby Pizza Hut. Cole again fled and Kilgore pursued on foot eventually apprehending Cole with the aid of another officer. A jury found Cole guilty of evading detention. Cole elected to have the trial court assess punishment, and the trial court sentenced Cole to 365 days' confinement. Cole's issue on appeal is that the evidence is legally insufficient. We affirm the judgment of the trial court.

Cole argues a reasonable person would not have interpreted Kilgore's statements as a command and, therefore, the interaction was an encounter rather than a detention. Because a person may decline to interact with a police officer during an encounter, Cole argues the evidence is legally insufficient.

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential

2

elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

To convict him of the charged offense, the State had to prove Cole intentionally fled from a person he knew to be a peace officer attempting lawfully to arrest or detain him. *See* TEX. PENAL CODE ANN. § 38.04 (West Supp. 2012). A defendant's knowledge that a police officer is trying to arrest or detain him is an essential element of the offense of evading arrest. *Rodriguez v. State*, 799 S.W.2d 301, 302 (Tex. Crim. App. 1990); *Hobyl v. State*, 152 S.W.3d 624, 627 (Tex. App.—Houston [1st Dist.] 2004) ("[T]he accused must know that the person from whom he flees is a peace officer attempting to arrest or detain him."), *pet. dism'd, improvidently granted*, 193 S.W.3d 903 (Tex. Crim. App. 2006). The gravamen of the offense is the evasion of a detention—not the evasion of a police officer. *Jackson v. State*, 718 S.W.2d 724, 726 (Tex. Crim. App. 1986); *Duvall v. State*, 367 S.W.3d 509, 512 (Tex. App.—Texarkana 2012, pet. ref'd).

There are three categories of interactions between police officers and citizens: encounters, investigative detentions, and arrests. *State v. Perez*, 85 S.W.3d 817, 819 (Tex. Crim. App. 2002). The law is well-established that a person may decline to interact with a police officer during an encounter. *Hughes v. State*, 337 S.W.3d 297, 300 (Tex. App.—Texarkana 2011, no pet.). An encounter is a purely consensual interaction that a citizen may terminate at any time. *Saldivar v. State*, 209 S.W.3d 275, 281 (Tex. App.—Fort Worth 2006, no pet.).

The difference between an encounter and a detention is whether a reasonable person would feel free to continue walking or otherwise terminate the encounter. *Hughes*, 337 S.W.3d at 300; *see Florida v. Bostick*, 501 U.S. 429, 434 (1991); *California v. Hodari D.*, 499 U.S. 621 (1991). The Texas Court of Criminal Appeals has instructed:

> [T]here is no bright-line rule to determine when an encounter becomes a seizure. Instead, courts must take into account the totality of the circumstances surrounding the interaction to determine whether a reasonable person would have felt free to ignore the police officer's request or terminate the encounter.

*State v. Castleberry*, 332 S.W.3d 460, 466–67 (Tex. Crim. App. 2011); *see Bostick*, 501 U.S. at 439. A seizure occurs when there is either physical force or, where physical force is absent, submission to the assertion of authority. *Hodari D.*, 499 U.S. at 626.

In order to be convicted of evading detention, the State must establish that Cole was fleeing from the detention—not just the police officer. *See Duvall*, 367 S.W.3d at 512; *Redwine v. State*, 305 S.W.3d 360, 364 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (finding evidence that defendant wanted to avoid further contact with police officers insufficient). In order to be fleeing from a detention, Kilgore must have made a sufficient show of authority that a

4

reasonable person would not have felt free to leave. Cole argues that Kilgore did not activate his overhead lights until after Cole fled and that Kilgore's statement, "I need to talk to you," was an insufficient show of authority.

An officer can demonstrate a showing of authority in various ways. For example, when an officer observes a speeding vehicle, the usual method to announce authority and require the citizen to stop is by the use of sirens and overhead lights. At times, an officer may use hand signals to show such authority. In *Rogers v. State*, 832 S.W.2d 442 (Tex. App.—Austin 1992, no pet.), the officer noticed a speeding motorcycle and began pursuit in his marked vehicle. Upon approaching the motorcycle, the officer motioned for the driver to pull over, but, instead, the driver looked at him and sped away. After a two- or three-mile chase, the driver of the motorcycle was stopped. This was found to be sufficient evidence that the motorcycle driver knew he was going to be arrested or investigated for criminal activity.

Here, the evidence shows that after receiving information of a criminal action, Kilgore observed Cole who met the description of the offender. Kilgore, who was in his uniform and driving a marked police car, told Cole that he needed to talk to him. Kilgore testified that Cole looked at him, turned, and "jogged across Wesley Street away from [Kilgore]." Kilgore activated his overhead lights and pursued Cole. Cole was located a few minutes later "ducked down behind a truck" in the parking lot of a nearby Pizza Hut and fled again. Kilgore then began to chase Cole on foot at which time another officer interceded and blocked Cole's path, pulled his gun, and ordered Cole to the ground.

5

We conclude a rational fact-finder could have found, beyond a reasonable doubt, that Cole intentionally fled from a person he knew to be a peace officer attempting lawfully to arrest or detain him.  The evidence is legally sufficient.

For the reasons stated, we affirm.


Jack Carter
Justice


Date Submitted:    November 15, 2012
Date Decided:      November 16, 2012

Do Not Publish