

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00669-CR

Leobardo **ARAMBULA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law, Starr County, Texas
Trial Court No. CR-13-288
Honorable Romero Molina, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  September 16, 2015

REVERSED AND RENDERED

Leobardo Arambula appeals his conviction for evading arrest. Among his numerous issues,[1] Arambula argues there was a material variance between the offense charged and the evidence presented at trial. The State did not file a brief. We reverse and render judgment of acquittal.

---

[1] Because we reverse and render judgment of acquittal based on Arambula's material-variance issue, we need not address his remaining issues. *See* TEX. R. APP. P. 47.1 (requiring our written opinions to be as brief as practicable while addressing every issue "raised and necessary to final disposition of the appeal").

Arambula was charged with evading arrest. The charging instrument alleged that on or about January 16, 2013, Arambula intentionally fled "from Pedro EStrada, [sic] a peace officer who was attempting to detain the defendant . . . and the defendant knew that Pedro EStrada [sic] was a peace officer and knew that the officer was attempting to arrest the defendant." During a bench trial, the State presented the testimony of two narcotics investigators for the Starr County District Attorney's Office, Ismael Guerra III and Jesus Diaz. Guerra testified that on January 16, 2013, he and Diaz were on traffic patrol and attempted to stop a white Dodge pickup truck for a "no seatbelt" violation. He explained the driver of the truck failed to stop and started speeding away. Guerra stated he pursued the truck and, after the truck went through a fence, the "driver and passenger both fell out of the vehicle, left the vehicle running, at the same time." Guerra identified Arambula as the passenger. Diaz testified about the same events as Guerra. After the State rested, Arambula and two other witnesses testified Arambula was building walls at his son's tattoo shop the entire day on the day in question. The trial court found Arambula guilty, and Arambula now appeals.

Arambula argues the evidence is legally insufficient to support his conviction and the State's failure to prove he evaded an arrest by Pedro Estrada constituted a material variance from the offense charged.[2] In reviewing the legal sufficiency of the evidence, we ask whether "*any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.*" *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We review the evidence "in the light most favorable to the verdict." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012).

---

[2] Although Arambula did not raise this issue in the trial court, an appellant may raise a legal sufficiency challenge for the first time on appeal. *See Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001).

The Due Process Clause protects a person from conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. U.S. CONST. amend. XIV; *accord Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011). A "variance" occurs when there is a discrepancy between the allegations in the charging instrument and the proof offered at trial. *Id.* Variances that do not prejudice a defendant's substantial rights are immaterial. *Id.* at 247-48. If a variance fails to give the defendant sufficient notice or would not bar a subsequent prosecution for the same offense, however, the variance is material and requires reversal, even when the evidence is otherwise legally sufficient to support the conviction. *Id.*

The gravamen and relevant unit of prosecution for the offense of evading arrest is the evasion of a specific arrest. *See Rodriguez v. State*, 799 S.W.2d 301, 302-03 (Tex. Crim. App. 1990); *see also Ex parte Benson*, 459 S.W.3d 67, 73-74 (Tex. Crim. App. 2015) (noting, for example, there would be two allowable units of prosecution for murder when there are two murder victims). If the State alleges a defendant evaded one arrest in the charging instrument and proves the defendant evaded a different arrest at trial, the variance would not bar a subsequent prosecution for evasion of the same arrest the State proved in the first trial. *See Rodriguez*, 799 s.W.2d at 302-03.

The State charged Arambula with evading an arrest by Officer Pedro Estrada, but the State proved at trial Arambula evaded an arrest only by Diaz and Guerra. There was no evidence proving that Arambula evaded an arrest by Pedro Estrada or that Pedro Estrada attempted to arrest Arambula in the same pursuit that Diaz and Guerra testified about. *See In re D.X.S.*, No. 13-12-00446-CV, 2013 WL 5522722, at *3-5 (Tex. App.—Corpus Christi Oct. 3, 2013, pet. denied) (mem. op., not designated for publication) (holding two separate punishments for evading arrest, based on defendant's evasion of two different officers, was prohibited because the evidence

showed the two officers attempted to arrest the defendant as part of a single pursuit). Because Arambula was convicted of evading one arrest based on evidence showing he evaded a different arrest, the variance would not bar a subsequent prosecution for the same offense the State proved at trial.

We hold the variance between the offense charged in the charging instrument and the offense the State proved at trial is material. *See Byrd*, 336 S.W.3d at 247-48. Therefore, we reverse the trial court's judgment and render an acquittal.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH