### Juan GARCIA, Appellant,

v.

### The STATE of Texas, Appellee.

### No. 04–99–00620–CR.

Court of Appeals of Texas, San Antonio.

Oct. 11, 2000.

Jose Luis Ramos, Jose Luis Ramos Law Office, Rio Grande City, for Appellant.

Heriberto Silva, Dist. Atty., San Diego, Hilda Gonzalez, Asst. Dist. Atty., Rio Grande City, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

A jury found the appellant, Juan Garcia, guilty of committing the offense of engaging in organized criminal activity, and assessed punishment at five years confinement.[1] On appeal, Garcia complains that the trial court erred in denying his motion to quash the indictment and by submitting a defective charge to the jury. Because we find harmful error in the jury charge, we reverse the judgment of the trial court and remand this cause to the trial court for a new trial.

### Motion to Quash Indictment

In his first issue, Garcia complains that the trial court erred in denying his motion to quash the indictment. Specifically, Garcia contends that the indictment was defective because it failed to allege that Garcia engaged in criminal activity by unlawfully possessing a controlled substance or dangerous drug through forgery, fraud, misrepresentation, or deception as required by section 71.02(a)(5) of the Texas Penal Code.

Section 71.02(a)(5) of the Texas Penal Code defines "engaged in criminal activity" and provides:

(a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, he commits or conspires to commit one or more of the following:

. . . . . . . . . . . .

5) unlawful manufacture, delivery, dispensation, or distribution of a controlled substance or dangerous drug, or unlawful possession of a controlled substance or dangerous drug *through*

*forgery, fraud, misrepresentation, or deception.*

See TEX.PEN.CODE ANN. § 71.02(a)(5) (Vernon Supp.2000) (emphasis added). "Combination" means three or more persons who collaborate in carrying on criminal activities. *See id.* § 71.01(a). "Conspires to commit" means that a person agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense and that person and one or more of them perform an overt act in pursuance of the agreement. *See id.* § 71.01(b). An agreement constituting conspiring to commit may be inferred from the acts of the parties. *See id.*

Garcia's indictment for the offense of engaging in criminal activity declares:

... JUAN GARCIA, defendant, on or about 24th day of July, 1998, and before the presentment of this indictment, in Starr County, Texas, did then and there intentionally and knowingly possess a usable quantity of marijuana in an amount of two thousand (2000) pounds or less but more than fifty (50) pounds, and the defendant did then and there commit the offense with the intent to establish[ed], maintain, and participate in a combination and in the profits of a combination who collaborated in carrying on said criminal activity....

Garcia argues that section 71.02(a)(5) requires the State to prove that unlawful possession of a controlled substance be "through forgery, fraud, misrepresentation, or deception," and that this statement should have been included in the indictment. *See Nichols v. State,* 653 S.W.2d 768, 771–72 (Tex.Crim.App.1981) (holding that a plain reading of the statute proscribing engaging in organized criminal activity limits the phrase "through forgery, fraud, misrepresentation, or deception" to unlawful possession); *Utsey v. State,* 921 S.W.2d 451, 457 (Tex.App.—Texarkana

---

1. Garcia was also charged with possessing marijuana in the amount of two thousand pounds or less, but more than fifty pounds in a separate cause. The two causes were con-

solidated for trial. The jury also found Garcia guilty of the possession charge, and assessed punishment at two years confinement, probated for ten years.

1996, pet. ref'd) (noting that the phrase "through forgery, fraud, misrepresentation, or deception" applies to unlawful possession of a controlled substance or dangerous drug). In his motion to quash the indictment, Garcia did not specifically make this argument, but only generally contended that the indictment failed to state an offense against the laws of the State of Texas.

 Instead of failing to state an offense, however, the indictment fails to allege every element of the charged offense. An instrument is an indictment if it is presented by a grand jury and if it purports to allege the commission of an offense, even though it omits allegations of a required element. *See State v. Oliver*, 808 S.W.2d 492, 493 (Tex.Crim.App.1991) (en banc); *Studer v. State*, 799 S.W.2d 263, 271–72 (Tex.Crim.App.1990) (en banc). The indictment need not allege every element of the offense charged to invoke the jurisdiction of the trial court. *See State v. Murk*, 815 S.W.2d 556, 558 (Tex.Crim.App. 1991). An indictment failing to allege an element of the offense charged is flawed by a defect of substance. *See Rodriguez v. State*, 799 S.W.2d 301, 302 (Tex.Crim.App. 1990) (en banc). Because such substantive defects in an indictment are no longer considered to be fundamental in nature, the indictment is sufficient in the absence of a pretrial objection to invoke the trial court's jurisdiction. *See id.* Here, the instrument was an indictment despite the defect because it was returned by a grand jury and charged Garcia with engaging in criminal activity.

 If a defendant does not object to a defect, error, or irregularity of form or substance in an indictment before the date on which the trial on the merits commences, he waives the right to object to the defect on appeal. *See* TEX.CODE CRIM. PROC.ANN. art. 1.14(b) (Vernon Supp.2000); *Duron v. State*, 915 S.W.2d 920, 921 (Tex. App.—Houston [1st Dist.] 1996), *aff'd*, 956 S.W.2d 547 (Tex.Crim.App.1997). Article 1.14 of the Code of Criminal Procedure requires a defendant to object, not merely file a motion to preserve error. *See Mills v. State*, 941 S.W.2d 204, 208 (Tex.App.— Corpus Christi 1996, pet. ref'd). The simple filing of a motion is not sufficient to bring a matter to the trial court's attention. *See Reyes v. State*, 849 S.W.2d 812, 815 (Tex.Crim.App.1993) (motion for new trial must be presented); *DeBlanc v. State*, 799 S.W.2d 701, 709 (Tex.Crim.App. 1990), *cert. denied*, 501 U.S. 1259, 111 S.Ct. 2912, 115 L.Ed.2d 1075 (1991) (written objections to charge must be brought to trial court's attention); *Mills*, 941 S.W.2d at 208 (motion to quash must be presented before announcement of ready); *Chunn v. State*, 821 S.W.2d 718, 720 (Tex.App.— Houston [1st Dist.] 1991, pet. ref'd) (motion to quash must be presented before date on which trial begins). To preserve error, a defendant must present the motion before the day of trial for it to be considered timely under article 1.14(b). *See Mills*, 941 S.W.2d at 208.

In the instant case, Garcia filed his motion to quash the indictment on Monday, May 17, 1999, and the trial began on Tuesday, May 18, 1999. The objections regarding the defective indictment, however, were not presented to the trial court until June 24, 1999, at the hearing on the motion for new trial. The trial court denied the motion for new trial on July 12, 1999. Garcia failed to present his motion to quash the indictment to the trial court before the date of trial. Under these circumstances, we conclude that Garcia failed to timely object to any defects in the indictment. *See* TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.2000); *see also Mills*, 941 S.W.2d at 209. Because Garcia failed to timely object to any defects in the indictment, the error is waived. *See* TEX. R.APP.P. 33.1. Accordingly, we overrule this issue.

## Jury Charge

 In his second issue, Garcia complains that the trial court erred by submitting a jury charge that was fundamentally

defective because it omitted an essential element of the offense. When reviewing charge error, we must first determine whether error actually exists in the charge. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984); *Irizarry v. State,* 916 S.W.2d 612, 614 (Tex.App.—San Antonio 1996, pet. ref'd). In determining whether charge error exists, we must view the charge as a whole rather than isolated statements or parts of the charge standing alone. *See Holley v. State,* 766 S.W.2d 254, 256 (Tex.Crim.App.1989); *Washington v. State,* 930 S.W.2d 695, 698 (Tex. App.—El Paso 1996, no pet.). Then we must determine whether sufficient harm resulted from the error to require reversal. *See Almanza,* 686 S.W.2d at 171; *Irizarry,* 916 S.W.2d at 614.

The application paragraph of the jury charge reads as follows:

> Now, therefore, if you find from the evidence beyond a reasonable doubt that on or about the 24th day of July, 1998, in Starr County, Texas, the defendant, Juan Garcia, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, knowingly possessed a usable quantity of marihuana in an amount of two thousand (2000) pounds or less but more than fifty (50) pounds, then you will find the defendant guilty of Engaging in Organized Criminal Activity, as charged in the indictment;

> Unless you find and believe beyond a reasonable doubt that the defendant is guilty, then you will find the defendant not guilty of Engaging in Organized Criminal Activity.

Garcia argues that the court failed to instruct the jury that in order to find the defendant guilty of engaging in organized criminal activity, the jury had to find and believe beyond a reasonable doubt that the defendant engaged in organized criminal activity by the unlawful possession of a controlled substance *through forgery, fraud, misrepresentation, or deception.*

*See* TEX.PEN.CODE ANN. § 71.02(a)(5) (Vernon Supp.2000) (emphasis added).

Because error in the indictment was waived, we need to determine if the jury charge, which followed the language in the defective indictment, includes error. Previously, the Court of Criminal Appeals addressed how a reviewing court should review the sufficiency of the evidence when a case is tried on a defective indictment to which no objection is raised. *See Fisher v. State,* 887 S.W.2d 49, 55–58 (Tex.Crim. App.1994), *overruled on other grounds by Malik v. State,* 953 S.W.2d 234 (Tex.Crim. App.1997); *Mills,* 941 S.W.2d at 210. The Court instructed that the reviewing court must ascertain from the indictment what penal provision the indictment is based upon. *See Fisher,* 887 S.W.2d at 55. At a minimum, the indictment must be sufficient to give notice of what offense the State is alleging so that the controlling penal provision can be identified. *See id.* Then, the reviewing court must compare that penal provision with the jury instruction. *See id.* The instruction should allege all of the elements of the offense as set forth in the controlling penal provision (including all of the elements alleged in the indictment, and any omitted element in accordance with the controlling penal provision). *See id.* Otherwise, the Court concluded, the charge would unconstitutionally broaden the basis upon which the State could obtain a conviction. *See id.* at 57. Because a charge which omits part of what must be proved also broadens the basis for obtaining a conviction, we apply this test to determine whether an error occurred.

The controlling penal provision, section 71.02(a)(5), provides the elements of engaging in organized criminal activity: 1) a person; 2) with intent to establish, maintain, or participate in a combination; 3) commits or conspires to commit; 4) a listed offense, here unlawful possession of a controlled substance or dangerous drug through forgery, fraud, misrepresentation, or deception. *See* TEX.PEN.CODE ANN. § 71.02(a)(5); *Mast v. State,* 8 S.W.3d 366,

369 (Tex.App.—El Paso 1999, no pet.); *see also Nichols*, 653 S.W.2d at 771–72.

■ The State claims that the statute requires no more than proof of the existence of a combination, and that Garcia either committed one of the enumerated offenses in order to facilitate the combination, or that he conspired with at least one other to commit such an offense and he and at least one other performed an overt act pursuant to the conspiracy, with intent to facilitate the combination. *See Fee v. State*, 841 S.W.2d 392, 395 (Tex.Crim.App. 1992). Although the jury charge properly set forth the allegations of a combination, the charge fails to allege all of the elements of the offense as set forth in the controlling penal provision. Because the instruction fails to set out the listed offense of unlawful possession of a controlled substance "through forgery, fraud, misrepresentation, or deception," the charge contains error. We next determine whether sufficient harm resulted from the error to require reversal. *See Almanza*, 686 S.W.2d at 171.

■ The standard to determine whether sufficient harm resulted from the charging error to require reversal depends upon whether appellant objected. *See Abdnor v. State*, 871 S.W.2d 726, 732 (Tex.Crim. App.1994). Because Garcia made a timely objection at trial, we will search only for some harm. *See id.* "Some harm" means that an error which has been properly preserved by objection will call for reversal as long as the error is not harmless. *See Abdnor*, 871 S.W.2d at 732; *Almanza*, 686 S.W.2d at 171.

■ We find that the defective instruction harmed Garcia because the charge inaccurately set forth the State's burden of proof. Although the State met its burden of proving beyond a reasonable doubt that Garcia engaged in organized criminal activity with unlawful possession of marijuana, the State failed to prove that Garcia engaged in organized criminal activity with unlawful possession of a marijuana

"through forgery, fraud, misrepresentation, or deception." By failing to state the complete offense, the jury charge lessened the State's burden of proof. A complete jury charge would have required the jury to review the evidence for forgery, fraud, misrepresentation, or deception. Without instructions limiting the jury's consideration of the offense of unlawful possession of a controlled substance "through forgery, fraud, misrepresentation, or deception," the jury was without the necessary guidance to accurately decide the facts of Garcia's case. *See Abdnor*, 871 S.W.2d at 741. As a result, the jury was unable to perform its function as a fact-finder. *See id.* Therefore, Garcia suffered "actual harm." *See id.* We sustain Garcia's issue.

Having sustained Garcia's issue addressing the jury charge, we reverse the judgment of the trial court and remand the cause for a new trial.