•           •           • 
 • • •




MEMORANDUM OPINION

No. 04-09-00509-CR

Charles TIDWELL,
Appellant

v.

The STATE of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B07-83
Honorable Stephen B. Ables, Judge Presiding
 
Opinion by:    Catherine Stone, Chief Justice
 
Sitting:            Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed: June 2, 2010

AFFIRMED
            The sole issue presented in this appeal is whether the trial court abused its discretion in
adjudicating the appellant’s guilt because the State’s motion to proceed to adjudicate failed to give
appellant fair notice of the violations he allegedly committed. Because this complaint was not
preserved for our consideration, we affirm the trial court’s judgment.
            Appellant, Charles Tidwell, pled guilty to possession of a controlled substance and was
placed on deferred adjudication community supervision. On February 4, 2008, Tidwell signed an
agreed order amending the conditions of his community supervision in lieu of the State pursuing a
motion to revoke based on Tidwell’s submission of a “‘dirty’ UA.” On February 19, 2008, Tidwell
filed a Request for Notice of Violations and a Hearing, complaining that he signed the agreed order
without the benefit of counsel and without a hearing. Although Tidwell acknowledged the probation
officer’s right to seek a modification without a hearing, Tidwell requested notice of the specific
violations lodged against him and a hearing. No fiat was attached to the request setting it for a
hearing, and the record does not contain any other evidence that such a hearing was requested.
            On March 3, 2008, the State filed a motion to proceed, listing five conditions of Tidwell’s
community supervision with which he had failed to comply. On August 7, 2008, and July 1, 2009,
the State filed amended motions to proceed to adjudicate, listing additional violations. After a
hearing held on July 10, 2009, the trial court signed a judgment adjudicating Tidwell’s guilt and
sentencing him to eighteen months in a state jail facility.
            On appeal, Tidwell complains that the State’s motion to proceed to adjudicate failed to give
him fair notice of the violations he allegedly committed. Tidwell’s specific complaint is that the
motion failed to provide sufficient detail regarding the additional offenses he allegedly committed
while on community supervision.



            In order to preserve error for appellate review, the record is required to show that Tidwell:
(1) made his complaint to the trial court by a timely request, objection, or motion; and (2) the trial
court ruled on the request, objection, or motion. Tex. R. App. P. 33.1. Tidwell appears to rely on
his Request for Notice of Violations and a Hearing as preserving his complaint for our review. 
Tidwell’s reliance is misplaced for several reasons.
            First, the request was filed before the State filed its initial motion to proceed to adjudicate
and appears to have been filed in an effort to challenge the agreed order. Second, the request was
never set for a hearing, and the simple filing of a motion is not sufficient to bring a matter to the trial
court’s attention. Garcia v. State, 32 S.W.3d 328, 331 (Tex. App.—San Antonio 2000, no pet.);
Mills v. State, 941 S.W.2d 204, 208 (Tex. App.—Corpus Christi 1996, pet. ref’d). By failing to
bring the issue to the trial court’s attention, Tidwell denied the trial court of the opportunity to rule
on the request, and a ruling by the trial court is required to preserve the issue for appeal. Tex. R.
App. P. 33.1; Llamas v. State, 270 S.W.3d 274, 277 (Tex. App.—Amarillo 2008, no pet.). Moreover,
Tidwell failed to complain of inadequate notice at the hearing on the State’s motion. In fact, at the
hearing, the trial court asked, “Mr. Tidwell, do you understand what the State said you did wrong
while you were on probation?” Tidwell responded, “Yes, sir.” Having failed to bring the notice
issue to the trial court’s attention and obtain a ruling, Tidwell is in no position to urge the issue on
appeal. See Guinn v. State, 289 S.W.2d 583, 584 (Tex. Crim. App. 1956) (holding complaint not
preserved where defendant failed to question sufficiency of motion to revoke in trial court); but see
Garner v. State, 545 S.W.2d 178, 179 (Tex. Crim. App. 1977) (addressing merits of notice issue
where the trial court refused to sustain a timely-filed exception); Campbell v. State, 456 S.W.2d 918,
920 (Tex. Crim. App. 1970) (distinguishing Guinn where trial court summarily overruled a timely
filed a motion to quash filed by the defendant questioning the sufficiency of the revocation motion).
            The trial court’s judgment is affirmed.
Catherine Stone, Chief Justice
DO NOT PUBLISH