*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



## MEMORANDUM OPINION

No. 04-09-00509-CR

Charles **TIDWELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B07-83
Honorable Stephen B. Ables, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  June 2, 2010

AFFIRMED

The sole issue presented in this appeal is whether the trial court abused its discretion in

adjudicating the appellant's guilt because the State's motion to proceed to adjudicate failed to give

appellant fair notice of the violations he allegedly committed.  Because this complaint was not

preserved for our consideration, we affirm the trial court's judgment.

Appellant, Charles Tidwell, pled guilty to possession of a controlled substance and was

placed on deferred adjudication community supervision.  On February 4, 2008, Tidwell signed an

agreed order amending the conditions of his community supervision in lieu of the State pursuing a motion to revoke based on Tidwell's submission of a "'dirty' UA." On February 19, 2008, Tidwell filed a Request for Notice of Violations and a Hearing, complaining that he signed the agreed order without the benefit of counsel and without a hearing. Although Tidwell acknowledged the probation officer's right to seek a modification without a hearing, Tidwell requested notice of the specific violations lodged against him and a hearing. No fiat was attached to the request setting it for a hearing, and the record does not contain any other evidence that such a hearing was requested.

On March 3, 2008, the State filed a motion to proceed, listing five conditions of Tidwell's community supervision with which he had failed to comply. On August 7, 2008, and July 1, 2009, the State filed amended motions to proceed to adjudicate, listing additional violations. After a hearing held on July 10, 2009, the trial court signed a judgment adjudicating Tidwell's guilt and sentencing him to eighteen months in a state jail facility.

On appeal, Tidwell complains that the State's motion to proceed to adjudicate failed to give him fair notice of the violations he allegedly committed. Tidwell's specific complaint is that the motion failed to provide sufficient detail regarding the additional offenses he allegedly committed while on community supervision.[1]

In order to preserve error for appellate review, the record is required to show that Tidwell: (1) made his complaint to the trial court by a timely request, objection, or motion; and (2) the trial court ruled on the request, objection, or motion. TEX. R. APP. P. 33.1. Tidwell appears to rely on his Request for Notice of Violations and a Hearing as preserving his complaint for our review. Tidwell's reliance is misplaced for several reasons.

---

[1] We note that this allegation related to only one of five conditions the trial court found Tidwell had violated.

First, the request was filed before the State filed its initial motion to proceed to adjudicate and appears to have been filed in an effort to challenge the agreed order. Second, the request was never set for a hearing, and the simple filing of a motion is not sufficient to bring a matter to the trial court's attention. *Garcia v. State*, 32 S.W.3d 328, 331 (Tex. App.—San Antonio 2000, no pet.); *Mills v. State*, 941 S.W.2d 204, 208 (Tex. App.—Corpus Christi 1996, pet. ref'd). By failing to bring the issue to the trial court's attention, Tidwell denied the trial court of the opportunity to rule on the request, and a ruling by the trial court is required to preserve the issue for appeal. TEX. R. APP. P. 33.1; *Llamas v. State*, 270 S.W.3d 274, 277 (Tex. App.—Amarillo 2008, no pet.). Moreover, Tidwell failed to complain of inadequate notice at the hearing on the State's motion. In fact, at the hearing, the trial court asked, "Mr. Tidwell, do you understand what the State said you did wrong while you were on probation?" Tidwell responded, "Yes, sir." Having failed to bring the notice issue to the trial court's attention and obtain a ruling, Tidwell is in no position to urge the issue on appeal. *See Guinn v. State*, 289 S.W.2d 583, 584 (Tex. Crim. App. 1956) (holding complaint not preserved where defendant failed to question sufficiency of motion to revoke in trial court); *but see Garner v. State*, 545 S.W.2d 178, 179 (Tex. Crim. App. 1977) (addressing merits of notice issue where the trial court refused to sustain a timely-filed exception); *Campbell v. State*, 456 S.W.2d 918, 920 (Tex. Crim. App. 1970) (distinguishing *Guinn* where trial court summarily overruled a timely filed a motion to quash filed by the defendant questioning the sufficiency of the revocation motion).

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH