

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00054-CR

ROBERT IAN PERRY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

### FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In three issues, appellant Robert Ian Perry appeals his conviction and his eight-year sentence for aggravated assault with a deadly weapon.[2] We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 22.02(a)(2) (West 2011).

## Background Facts

In the first count of a two-count indictment, a grand jury charged appellant with aggravated assault with a deadly weapon. Specifically, the first count alleged that appellant had intentionally, knowingly, or recklessly threatened imminent bodily injury to a victim and had used or exhibited a deadly weapon during the assault. Appellant filed several pretrial motions, including a motion to quash the indictment. In that motion, he contended that the "wording of the indictment in count one [was] unconstitutionally vague and ambiguous in that it fail[ed] to sufficiently apprise [him] of the manner and means" of the threat of imminent bodily injury. Appellant acknowledges that he never obtained an express ruling on the motion to quash.

Three days after appellant filed the motion to quash, he pled guilty to count one[3] while receiving written plea admonishments, waiving constitutional and statutory rights, and judicially confessing. While pleading guilty, appellant expressly waived any pretrial motions that he had filed. After receiving evidence and arguments related to appellant's proper punishment,[4] the trial court convicted him of aggravated assault with a deadly weapon and sentenced him to

---

[3]The State waived count two.

[4]The trial court considered a presentence investigation report; testimony from the victim, appellant, and appellant's mother; and a video of the offense, in which appellant shot at an employee of a towing company after his car had been towed from an apartment complex.

eight years' confinement. The trial court certified appellant's limited right to appeal his "sentence," and he brought this appeal.

## The Forfeiture of Appellant's Issues

The substance of appellant's three related issues concerns his contention that he preserved an argument related to the denial of his motion to quash the indictment and that the trial court erred by allegedly overruling that motion.[5] To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011).

A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Clay*, 361 S.W.3d at 765. Preservation of error is a systemic requirement. *Wilson*, 311 S.W.3d at 473–74; *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009); *Clay*, 361 S.W.3d at 765.

---

[5]Although appellant phrases the title of his first issue in terms of jurisdiction, the body of his first issue concerns preservation of error.

Complaints concerning the adequacy of an indictment are subject to forfeiture. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 2005) (explaining that if the defendant fails to object to an error in the form or substance of an indictment "before the date on which the trial on the merits commences, he waives and forfeits the right to object to the . . . error, . . . and he may not raise the objection on appeal or in any other postconviction proceeding"); Tex. R. App. P. 33.1(a); *Miller v. State*, 333 S.W.3d 352, 356 (Tex. App.—Fort Worth 2010, pet. ref'd) (op. on reh'g). In fact, except for "complaints involving systemic (or absolute) requirements, or rights that are waivable only, . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a)." *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004). The right to be charged by an instrument that is free of defects, errors, and omissions is neither a "systemic" requirement nor a "waivable-only" right. *Sanchez v. State*, 120 S.W.3d 359, 367 (Tex. Crim. App. 2003). "By the requirement of an act of the legislature under specific authority granted by an amendment of the Constitution, *any error* in the charging instrument must be objected to in a timely . . . and specific manner, and *any* unobjected-to error in the instrument is not 'fundamental.'" *Id.* (emphasis added).

The facts in this appeal are similar to facts in an appeal that one of our sister courts resolved. *See Garcia v. State*, 32 S.W.3d 328 (Tex. App.—San Antonio 2000, no pet.). In *Garcia*, the defendant complained that a trial court had

erred by denying his motion to quash an indictment, but the San Antonio Court of Appeals held that the defendant had not preserved his complaint, explaining,

> Article 1.14 of the Code of Criminal Procedure requires a defendant to object, not merely file a motion to preserve error. *The simple filing of a motion is not sufficient to bring a matter to the trial court's attention.* To preserve error, a defendant must *present the motion before the day of trial* for it to be considered timely under article 1.14(b).
>
> In the instant case, Garcia filed his motion to quash the indictment on Monday, May 17, 1999, and the trial began on Tuesday, May 18, 1999. The objections regarding the defective indictment, however, were not presented to the trial court until June 24, 1999, at the hearing on the motion for new trial. The trial court denied the motion for new trial on July 12, 1999. Garcia failed to present his motion to quash the indictment to the trial court before the date of trial. Under these circumstances, we conclude that Garcia failed to timely object to any defects in the indictment. Because Garcia failed to timely object to any defects in the indictment, the error is waived.

*Id.* at 331 (emphasis added) (citations omitted).

The record in this case reveals facts that are similar to what the court in *Garcia* held to be insufficient to preserve error: appellant simply filed a motion, and nothing in the record indicates that he presented the motion to the trial court or that the trial court was otherwise aware of it either before or after he pled guilty. In fact, at the beginning of the February 2013 hearing on appellant's punishment, the trial court asked the parties whether any pretrial matters needed to be resolved, and both parties responded that there were not any. Because the record does not establish the trial court's awareness of the motion to quash, we cannot conclude, as appellant urges, that the trial court implicitly overruled the

5

motion. *See Gutierrez v. State*, 36 S.W.3d 509, 511 n.1 (Tex. Crim. App. 2001) (explaining that a ruling can be implied when the trial court's actions unquestionably indicate a ruling); *see also Montanez v. State*, 195 S.W.3d 101, 104–05 (Tex. Crim. App. 2006) (holding that a trial court implicitly overruled a motion to suppress when the court held a hearing on the motion, a notation on the docket sheet stated that an appeal had been preserved, and a certification of the defendant's right to appeal stated that matters had been raised by a written motion filed and ruled on before trial); *James v. State*, 102 S.W.3d 162, 169 (Tex. App.—Fort Worth 2003, pet. ref'd) ("While an appellate court will generally find that a trial court made an implicit ruling on an objection *when the objection was brought to the trial court's attention*, it will only do so when 'the trial court's subsequent action clearly addressed the complaint.'") (emphasis added) (quoting *State v. Kelley*, 20 S.W.3d 147, 153 n.3 (Tex. App.—Texarkana 2000, no pet.)).

Because the record establishes that appellant merely filed a motion to quash the indictment, did not bring the motion to the trial court's attention, did not obtain an express or implied ruling on it, and expressly informed the trial court that no pretrial matters needed a resolution, we conclude that appellant forfeited all of his complaints concerning the alleged denial of the motion.[6] *See* Tex. Code

---

[6]Similarly, we also hold that appellant forfeited the part of his third issue in which he complains, for the first time on appeal, that section 22.01 of the penal code is facially unconstitutional. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *Ibenyenwa v. State*, 367 S.W.3d 420, 422 (Tex. App.—Fort Worth 2012, pet. ref'd) (op. on reh'g).

Crim. Proc. Ann. art. 1.14(b); Tex. R. App. P. 33.1(a); *Garcia*, 32 S.W.3d at 331; *see also Cabral v. State*, 170 S.W.3d 761, 764 (Tex. App.—Fort Worth 2005, pet. ref'd) (mem. op.) (holding that a defendant's complaint about an indictment was forfeited because he did not bring the complaint to the attention of the trial court); *Suarez v. State*, No. 05-03-00096-CR, 2003 WL 23025024, at *2 (Tex. App.—Dallas Dec. 30, 2003, pet. ref'd) (not designated for publication) ("By failing to present her motion to quash the indictment to the trial court or to object before the date of trial, Suarez has failed to timely object to any defects in the indictment.  Thus, Suarez has waived any error . . . .") (citations omitted); *Mills v. State*, 941 S.W.2d 204, 209 (Tex. App.—Corpus Christi 1996, pet. ref'd).  We overrule appellant's three issues.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 9, 2014