

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00245-CR
_____

KENYETTA DANYELL WALKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 163rd District Court
Orange County, Texas
Trial Court No. B-150206-R, Honorable Dennis Powell, Presiding

March 30, 2017

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

We have before us an appeal from a conviction for "engaging in organized criminal activity." Kenyetta Daniel Walker, through her attorney, poses one issue questioning both the legal and factual sufficiency of the evidence underlying the conviction. We reverse but not for the reasons cited by appellant's counsel.[1]

---

[1] Because this appeal was transferred from the Ninth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this court. *See* TEX. R. APP. P. 41.3.

*Background*

Appellant was arrested after the investigation of a shoot-out occurring at a residence wherein she, two children, and at least one male lived. The incident was captured on surveillance cameras mounted outside the house, or at least the extent of the incident occurring outside the abode was filmed. The video obtained from those cameras revealed three individuals forcing their way into the abode, flashes of light appearing through the windows, and three men leaving or attempting to leave. One of the three appeared unscathed. One limped away. One crawled out only to die in the front yard. The video also captured appellant removing a bag from the house and depositing it in a car. It was eventually discovered that the bag contained controlled substances, including hydrocodone for which appellant would eventually be charged with possessing.

Other evidence indicated that the three men entered the abode and began firing weapons. In response, appellant acquired a gun and returned fire. Her return fire apparently struck one or more of the intruders.

The police arrived and found the dead body lying on the ground outside the house and a male occupant of the house sitting injured by or on the porch. Once inside, they discovered bullet holes in the walls, scales, plastic baggies, a large sum of small denomination dollar bills, raw marijuana, and other drugs. Many of the drugs and drug paraphernalia were found in a "man-cave" bedroom. Some evidence indicated that appellant kept a majority of her clothes in that "man-cave."

The State eventually indicted appellant. Through the instrument, it alleged that she committed the following acts:

did then and there intentionally and knowingly possess a controlled substance, to wit: Dihydrocodeinone, hydrocodone with one or more active nonnarcotic ingredients, in an amount by aggregate weight including adulterants and dilutants, of 400 grams or more[.]

And the defendant did then and there commit said offense with the intent to establish, maintain, or participate in a combination or in the profits of a combination who collaborated in carrying on said criminal activity[.]

Before trial, the indictment was amended to read that she possessed the controlled substance "with intent to deliver." Trial was had on that indictment, and the jury charge tracked the indictment's language. Needless to say, the jury found appellant guilty of the alleged crime, and judgment was entered upon that verdict.

*Sufficiency of the Evidence*

Utilizing the standard of review specified in *Villa v. State*, we conclude that legally sufficient evidence supports the conviction, as charged. *See Villa v. State*, No. PD-0541-15, 2017 Tex. Crim. App. LEXIS 288, at *10 (Tex. Crim. App. Mar. 22, 2017) (stating that the standard of review for determining the legal sufficiency of the evidence is whether, after viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The standard requires the appellate court to defer to the responsibility of the trier of fact to fairly resolve conflicting testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. The reviewing court must not engage in a divide and conquer strategy but rather consider the cumulative force of all the evidence. The obligation to defer to the trier of fact encompasses the inferences drawn from the evidence as long as they are reasonable

ones supported by the evidence and are not mere speculation.).[2]  Simply put, more than some evidence appeared of record enabling a reasonable fact-finder to conclude, beyond a reasonable doubt, that (1) those residing in the house, including appellant, operated a drug business therefrom, (2) appellant possessed the quantity of hydrocodone alleged in the indictment with intent to deliver, and (3) she so possessed the controlled substance with the intent to establish, maintain, or participate in a combination or in the profits of a combination who collaborated in carrying on said criminal activity.  So, we overrule her sole issue.  However, in arriving at this conclusion we encountered a circumstance unmentioned by appellant, and that we now address.

*Indictment and Charge Error*

The circumstance encountered pertains to the crime alleged.  Again, the State sought to prosecute appellant for and convict her of engaging in organized criminal activity under Texas Penal Code § 71.02.  According to that statute, a person "commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, the person commits or conspires to commit" one or more predicate offenses mentioned in the statute.  *See* TEX. PENAL CODE ANN. § 71.02(a) (West Supp. 2016).  The predicate offense mentioned in the indictment and incorporated into the jury charge involved the possession of a controlled substance with the intent to deliver.  Yet, that particular offense's language fails to appear within the litany of offenses itemized in § 71.02(a)(1)–(18).  Indeed, it has been held that the mere possession of a controlled substance is not a predicate offense under the organized crime statute.  *Garcia v. State*, No. 03-04-

---

[2] We have no obligation to conduct a "factual sufficiency" review as requested by appellant since the advent of *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

4

00515-CR, 2006 Tex. App. LEXIS 3204, at *2 (Tex. App.—Austin Apr. 20, 2006, no pet.) (mem. op., not designated for publication) (stating that the "mere possession of a controlled substance is not a predicate offense under the organized crime statute"). Nor is the possession of a controlled substance with intent to deliver a predicate offense. *State v. Foster*, No. 06-13-00190-CR, 2014 Tex. App. LEXIS 5877, at *3–7 (Tex. App.—Texarkana June 2, 2014, pet. ref'd) (mem. op., not designated for publication) (stating that "the terms of [§ 71.02(a)(5)] are not violated by simply possessing a controlled substance with the intent to deliver it" and concluding that the trial court properly quashed an indictment alleging organized criminal activity based upon the predicate offense of simply possessing a controlled substance with intent to deliver). So, it seems that the indictment failed to accurately allege a crime within the scope of § 71.02(a).[3]

Assuming *arguendo* that the failure to accurately allege a predicate offense is substantive defect in the indictment to which one must object or waive, *see* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005) (stating that when a defendant fails to object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives the right to object to the defect); *Garcia v. State*, 32 S.W.3d 328, 331–32 (Tex. App.—San Antonio 2000, no pet.) (finding a like defect in the indictment waived but noting that it was not waived when incorporated into the jury charge), the same language appeared in the jury

---

[3] The State was afforded opportunity to address the situation via supplemental briefing. And, though it concluded in its supplemental brief that the indictment legitimately charged appellant with committing the offense of engaging in organized criminal activity, it never really explained how it came to that conclusion. Rather, it merely opined that "[a]lthough not specifically worded in accordance with Section 71.02, the offense Appellant committed, particularly considering her committing or conspiring to commit *the illegal distribution of narcotics*, is a crime encompassed within Section 71.02." (Emphasis added). While the distribution of controlled substances may be a predicate offense, *see* TEX. PENAL CODE ANN. § 71.02(a)(5), the State did not accuse her of that predicate. Nor did it cite us to authority suggesting that it or we can unilaterally change the predicate offense after trial and conviction.

charge. That is, the charge submitted during the guilt innocence phase of the trial simply tracked the allegations in the indictment. Through it, the trial court informed the jurors that they could convict appellant of engaging in organized criminal activity by finding that she simply committed the predicate offense of possessing a controlled substance with the intent to deliver. Consequently, because that is not a legitimate predicate offense, as discussed above, the charge permitted the jury to convict appellant for committing an offense outside the scope of § 71.02(a).

So, it can be said that the jury charge is erroneous when it instructed the jury on the crime of engaging in organized criminal activity. It incorporated some of the elements of § 71.02(a) (those relating to the accused committing or conspiring to commit a predicate offense with "the intent to establish, maintain, or participate in a combination or in the profits of a combination") while omitting others (the statutorily designated predicate offense). More importantly, error in the jury charge need not be preserved through objection by the accused; it may be raised *sua sponte* by a reviewing court as unassigned error. *See Sanchez. v. State*, 209 S.W.3d 117, 120–21 (Tex. Crim. App. 2006).

The charge being erroneous is not enough to warrant reversal, though. We must assess whether the error was harmful. In doing that, we first note that appellant did not object to it. Consequently, the requisite harm must be egregious in nature. *See State v. Ambrose*, 487 S.W.3d 587, 594 (Tex. Crim. App. 2016); *Glaze v. State*, No. 09-13-00549-CR, 2015 Tex. App. LEXIS 10146, at *13 (Tex. App.—Beaumont Sept. 30, 2015, pet. ref'd) (mem. op., not designated for publication). And, such harm is present when the error "'affects the very basis of the case, deprives the defendant of a valuable right,

or vitally affects a defensive theory.'" *See Ambrose*, 487 S.W.3d at 597–98 (quoting *Marshall v. State*, 479 S.W.3d 840 (Tex. Crim. App. 2016)). Charge error permitting a jury to convict someone for acts outside the expressed language of a penal provision cannot but "affect the very basis of the case" or "deprive the defendant of a valuable right," namely his right to freedom unless convicted for violating a criminal statute. Consequently, the charge error in question is egregiously harmful and that warrants reversal of the judgment.

Accordingly, we reverse the judgment of the trial court and remand the cause for a new trial.

Brian Quinn
Chief Justice

Do not publish.